UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHAUN CARRIDINE, | Case No. 15-CV-3251 (JRT/FLN) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Chaun Carridine initiated this action by filing a motion for a 120-day extension to file a petition for habeas corpus relief. *See* 28 U.S.C. § 2254. Carridine alleges that this extension is necessary "to hire an attorney, to gather statements from trial counsel and previously retained private investigator and newly discovered witnesses as well as to obtain forensic reports and other documents to support movants claims." ECF No. 1 at 1 (sic throughout).

The Court recommends that this motion be denied and that this action be dismissed. The Court lacks statutory authority to extend the one-year limitations period set in 28 U.S.C. § 2244(d) for habeas petitions filed by state prisoners. Nothing in § 2244(d) permits the Court, prior to the filing of a habeas petition, to declare that a petitioner may file his petition outside of the limitations window. Further, although the statute of limitations *may* be equitably tolled, this can occur only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or when the State prevents the prisoner from taking more timely action." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (quotations omitted). Carridine has not established (or even alleged) the existence of either of these conditions. Moreover, Carridine has not yet filed his habeas petition, and so this Court cannot yet find that the

conditions justifying equitable tolling prevented Carridine from filing his habeas petition sooner.

Not until Carridine files a habeas petition can this Court consider whether the limitations period

should be equitably tolled.

Finally, this Court notes that, by its calculations, Carridine has approximately three

months remaining to file a habeas petition.[1]  Carridine argues that he needs more time than this

to evaluate his claims, but federal habeas review is limited to claims that have already been fully

exhausted in the state courts.  *See* 28 U.S.C. § 2254(b)-(c).  Thus, Carridine should know which

claims he may raise upon federal habeas review, and he should be able to identify the claims he

wishes to assert in federal court in a relatively short amount of time.  In addition, although

Carridine contends that he needs additional time to find new evidence, this Court's review is

generally limited to "the evidence presented in the State court proceeding."  28 U.S.C.

§ 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(2) (limiting evidentiary hearings in § 2254

proceedings).  Accordingly, Carridine should not delay filing his habeas petition because he is

pursuing new evidence not presented to the state courts.

Carridine has not shown a need for an extension of the limitations period, and this Court

is without authority to grant such an extension in any event.  This Court therefore recommends

that Carridine's motion for an extension be denied and that this action be dismissed.  In order to

make clear that Carridine may still file a habeas petition without running afoul of the restrictions

---

[1]Complete state court records are not currently available to this Court, and so Carridine should not rely upon this Court's calculation of the remaining limitations period.  If Carridine intends to seek federal habeas relief, it is in his best interest to file a habeas petition as soon as practicable to ensure that he is not excluded by the one-year limitations period.

on second-or-successive habeas petitions, this Court recommends that this action be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    Petitioner Chaun Carridine's motion for an extension of time [ECF No. 1] be DENIED.

2.    This action be DISMISSED WITHOUT PREJUDICE.


Dated: August 21, 2015                          *s/Franklin L. Noel*
                                                Franklin L. Noel
                                                United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.